Mark D. Adams
3909 S Maryland Pkwy Ste 314
Las Vegas, NV 89119
205-878-7838
mark@adamslegalaid.com

FILED
SEP 02 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK D. ADAMS,

Plaintiff,

v.

S&D CARWASH MANAGEMENT, LLC aka QUICK QUACK CARWASH; JAC LEBBS; JOE STEELE; KENNY WILLIAMS; MATT NICHOLS; CLIFF MARIAN; DINA KATSEL; and DOES 1 to 10 inclusive;

Defendants.

No. 2:25-CV-01290-DC-AC(PS)

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LIMITED DISCOVERY AND TO CONTINUE FAA EVIDENTIARY HEARING; DEMAND FOR JURY TRIAL;**

**DATE: September 24, 2025**
**TIME: 10:00 a.m.**
**JUDGE: Hon. Allison Claire**
**PLACE: Courtroom #26**

Action Filed: May 5, 2025

**NOTICE OF MOTION AND MOTION FOR LIMITED DISCOVERY AND CONTINUANCE OF FAA EVIDENTIARY HEARING**

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on 10:00 a.m., or as soon as thereafter as the matter may be heard, before the Honorable Allison Claire in Courtroom 26, at the Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento, California, 95814, Plaintiff Mark D. Adams will and hereby does move the Court for an order for limited discovery related to matters for the FAA evidentiary hearing and to continue the hearing until that discovery is completed. Plaintiff further demands a jury trial for the FAA evidentiary hearing.

The Motion is based upon this Notice of Motion and Motion; the concurrently filed Memorandum of Points and Authorities in support thereof; and the concurrently filed Declaration of Mark D. Adams ("Declaration"); the records, pleadings, and documents on file in this action;

and such further and additional evidence and argument as may be presented at or before the time of hearing on this Motion.

Plaintiff Mark D. Adams ("Plaintiff") respectfully moves this Court, for good cause, to grant limited discovery related to the matters for the FAA evidentiary hearing and to continue the hearing until that discovery is completed. Plaintiff further demands a jury trial for the FAA evidentiary hearing.

This hearing is akin to a trial on a discrete issue, and fairness requires a schedule that prevents ambush.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. FAA § 4 Hearing Procedure.** If this Court has found that the FAA applies, the FAA § 4 (9 U.S.C. § 4) establishes that "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue." This makes it clear that this is more than a mere Fed. R. Civ. P. Rule 43(c) hearing on facts outside the record.

At this point, Plaintiff is not aware of what he will need to prove for his defense because he doesn't know what defendants have admitted to or what evidence or witnesses will be offered. The defendants have already fabricated evidence and have changed their facts in their original motion and their reply brief. It is impossible for Plaintiff to know what next will be presented at the evidentiary hearing that Plaintiff will then require a continuance to rebut.

The defendants have a clearer course because the defendants know that they need to prove the existence and validity of an alleged arbitration agreement. Holding this evidentiary hearing without a formal pre-hearing schedule is going to be a waste of this Court's resources and will result in ambush, requiring continuances. While surprise evidence is allowed if it doesn't prejudice the other party, usually a continuation rather than inadmissibility is appropriate.

Further, based on the current facts alleged by defendants, Plaintiff has a need to prove, for his defense, that he did not electronically sign a document and needs to subpoena a custodian of records at either Paycom or Paylocity or both. Plaintiff doesn't even know at this time which one

or both that defendants are relying on. Plaintiff needs limited discovery to issue these subpoenas.

**B. Proposed schedule.** A limited set of 10 admissions or written interrogatories so that the parties can establish what is in dispute. Disclosure of witnesses and evidence. Subpoenas. Prehearing briefs. Objection deadlines. Hearing time that allows subpoenaed witnesses.

**C. Fed. R. Civ. P. Rule 16 allows the court to issue orders on scheduling, disclosure, and management to secure the "just, speedy, and inexpensive disposition" of every action.** Here, Plaintiff has argued, and shown through the record, evidence of good cause for this Court to issue such an order.

## CONCLUSION

Your Honor, because the FAA requires the Court to proceed 'summarily to trial' when the making of the arbitration agreement is in issue, Plaintiff respectfully submits that the evidentiary hearing should be structured like a mini-trial. To ensure efficiency and fairness, Plaintiff requests a scheduling order that includes limited discovery targeted at the agreement's formation, followed by an exchange of witness and exhibit lists. This will prevent unfair surprises, narrow the issues, and allow the Court to conduct a focused and efficient evidentiary hearing. Plaintiff further demands a jury trial on the existence and validity of the alleged arbitration agreement.

Dated: August 27, 2025

Respectfully submitted,

Mark D. Adams
*Pro Se*

/
/
/
/
/
/
/
/
/
/
/

## CERTIFICATE OF MEET AND CONFER

The parties have conferred. Plaintiff called opposing counsel and followed up with an email to discuss an exchange of witnesses and evidence and to discuss discovery, but defense counsel simply replied with "We will be filing and serving our supplemental briefing and exhibits by September 3 pursuant to the Court's order."

Dated: August 27, 2025

Mark D. Adams

## PROOF OF SERVICE

I declare under penalty of perjury, that this document will be filed through the CM/ECF system by the clerk and will be sent electronically to the registered participants.

Dated: August 27, 2025

Mark D. Adams