UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>S&D CARWASH MANAGEMENT, LLC., et al.,<br><br>    Defendants. | No. 2:25-cv-1290 DC AC PS<br><br><br>ORDER |

Plaintiff, who has paid the filing fee, is proceeding in this action pro se. The action was accordingly referred to the undersigned by Local Rule 302(c)(21). On July 10, 2025, defendants filed two motions: a motion to compel arbitration (ECF No. 11), and a motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 12). The undersigned held the motions in abeyance and set an evidentiary hearing on the motion to compel arbitration, which is currently set for October 1, 2025. ECF Nos. 31, 33. The parties were ordered to submit status report by September 3, 2025. ECF No. 31. Both parties filed reports. ECF No. 34, 37. Plaintiff also filed a motion to continue the hearing and for limited discovery. ECF No. 36. For the reasons set forth below, the motion is GRANTED insofar as the hearing date of October 1, 2025 is VACATED, and the parties are ORDERED to provide supplemental briefing on the issue of necessary and permissible discovery.

1

## I.    Relevant Background

Plaintiff filed his complaint on May 5, 2025, alleging, in relevant part, that he was unlawfully terminated from his employment by defendants. ECF No. 1. Defendants filed a motion to dismiss (ECF No. 12) and a motion to compel arbitration (ECF No. 11). In the motion to compel arbitration, defendants assert that plaintiff signed an arbitration agreement via an electronic signature platform when he commenced employment. ECF No. 11-1 at 7-8. Plaintiff flatly denies ever having signed the arbitration agreement. ECF No. 25.

## II.   Analysis

The Federal Arbitration Act (FAA) governs written contracts "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . ." 9 U.S.C. § 2. "[I]t is the burden of the party claiming that Congress intended to preempt state law to prove it." Olszewski v. Scripps Health, 30 Cal. 4th 798, 815 (2003) (citations and internal marks omitted). While contract defenses are available to those seeking to invalidate an arbitration agreement under the FAA, "courts may not . . . invalidate arbitration agreements under state laws applicable only to arbitration provisions." Dr.'s Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87 (1996) (citations omitted).

If a party disputes another's assertion that they agreed to arbitrate, the FAA requires the district court to "hear the parties" and determine whether "the making of the arbitration agreement [is] in issue." 9 U.S.C. § 4. The court must decide whether there is a "genuine dispute of material fact" under the standard of Federal Rule of Civil Procedure 56, which governs motions for summary judgment. Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 670-71 (9th Cir. 2021). "[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." Id. at 672.

The court has already concluded that there are disputed issues of material fact as to whether plaintiff signed the arbitration agreement, necessitating a hearing on the issue of arbitrability. Plaintiff's motion for an extension of time and for additional discovery now raises

for the court the question of what level of discovery is permissible and/or required. Courts in this district have permitted limited discovery prior to evidentiary hearings on arbitrability. See, e.g., Ventura v. 1st Fin. Bank United States, 2005 U.S. Dist. LEXIS 50253, *2 (N.D. Cal. Sept. 29, 2005) (noting the court had granted plaintiff's motion for leave to permit discovery relevant to the issue of arbitrability); Alvarez v. T-Mobile USA, Inc., 822 F. Supp. 2d 1081, 1085 (E.D. Cal. 2011) (finding "speedy and limited" discovery was appropriate where a plaintiff denied having signed an arbitration agreement.)

It appears to the undersigned that some amount of discovery, limited to the issue of contract formation, is warranted here. Plaintiff's motion, however, is not sufficiently specific as to what discovery he seeks for the court to issue a limited discovery schedule at this time. Accordingly, the parties are directed to file supplemental briefing in the form of a joint statement on the matter of limited discovery on the issue of arbitrability.

### III.    CONCLUSION

Plaintiff's motion for additional time and for discovery (ECF No. 36) is GRANTED insofar as the evidentiary hearing on the issue of arbitrability currently set for October 1, 2025, is VACATED to be re-set as necessary. The parties are ORDERED to meet and confer and to file a joint statement no later than November 3, 2025, addressing the following issues: (1) necessary party discovery on the issue of arbitrability including proposed requests for production, interrogatories, and depositions; (2) necessary third-party discovery on the issue of arbitrability including proposed subpoenas and depositions; (3) a proposed timeline for discovery and hearing on the issue of arbitrability; and (4) any other matters the parties believe are relevant to the efficient execution of the pending evidentiary hearing. The joint statement may not exceed 10 pages in length, exclusive of exhibits.

IT IS SO ORDERED.

DATED: September 4, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE