Mark D. Adams
3909 S Maryland Pkwy Ste 314
Las Vegas, NV 89119
205-878-7838
mark@adamslegalaid.com

FILED

OCT 29 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK D. ADAMS,

Plaintiff,

v.

S&D CARWASH MANAGEMENT, LLC aka QUICK QUACK CARWASH; JAC LEBBS; JOE STEELE; KENNY WILLIAMS; MATT NICHOLS; CLIFF MARIAN; DINA KATSEL; and DOES 1 to 10 inclusive;

Defendants.

No. 2:25-CV-01290-DC-AC(PS)

**PLAINTIFF'S STATEMENT ON LIMITED DISCOVERY FOR FAA EVIDENTIARY HEARING;**

Action Filed: May 5, 2025

**PLAINTIFF'S STATEMENT ON LIMITED DISCOVERY FOR FAA EVIDENTIARY HEARING RE ECF No. 38.**

Plaintiff Mark D. Adams ("Plaintiff"), in response to this Court's order dated September 5, 2025 at ECF No. 38, respectfully supplements his requests for limited discovery after parties were unable to reach ANY kind of agreement on limited discovery.

**MEET AND CONFER**

Plaintiff still contends that a valid signed arbitration agreement does not exist. Defendants witness, Charlotte Thori ("Thori"), alleged that Plaintiff electronically signed an agreement in Paylocity and that a signed copy of the agreement can only get into Paylocity if Defendant electronically signed it in Paylocity. Later, Thori alleged that Plaintiff did not in fact sign the agreement in Paylocity. Defendants have not directly admitted, and still refuse to admit then, that documents can get into Paylocity without Plaintiff signing them there. The defendants had

provided their own unverified evidence that the documents exist in Paylocity and this is where Thori found the signed document and can't now, rely on the opposite. Thori's combined declarations say that the document was signed in Paycom and then uploaded to Paylocity, but also that documents can't get into Paylocity unless they were electronically signed there. This contention has caused a need for Plaintiff to subpoena a witness from Paylocity to prove the matter. The testimony will go toward the competency of Thori's ability to testify on the matter and prove a material fact. Plaintiff requests the same from Paycom. This is the only thing that Plaintiff has the intention to prove separately from rebutting and defending against what Defendants are going to attempt to prove.

On October 3, 2025, Plaintiff called Alyssa C. Malinoski ("Malinoski"), counsel for Defendants and spoke with her for 30 minutes until Malinoski said that she had to go to another meeting. Malinoski yelled during the majority of the call, while Plaintiff asked if he could speak to someone that could be more diplomatic. During that call, Plaintiff said that he needed to know what Defendants planned on proving regarding the existence of a valid arbitration agreement. Plaintiff pointed out that he didn't even have a list of witnesses that Defendants were going to call at the hearing. Malinoski said that she had served Plaintiff a list of witnesses. It was confirmed later that she hadn't, but she alleged that she emailed the witness list to Plaintiff. The email list did not contain the facts that the witnesses would be testifying toward. The list of witnesses included a witness besides Charlotte Thori, which would have been a surprise to Plaintiff at the hearing.

In the phone conversation, Malinoski said that Defendants planned on using their vendor relationship with Paycom to get an affidavit from an employee saying that plaintiff electronically signed an arbitration agreement in Paycom. Plaintiff said that he didn't think the affidavit would be admissible unless he had a chance to cross the witness, but that he agreed that a witness from Paycom was necessary to testify on how documents are stored and signed.

In the phone conversation, Malinoski claimed that Thori's second declaration retracted the statement that documents can only get into Paylocity by being signed there. It did not. Plaintiff asked if Thori could admit that so that he wouldn't have to subpoena someone from Paylocity.

Malinoski refused to speak further on the matter because she believed that Thori had retracted that statement.

In the phone conversation, Plaintiff said that he really wasn't prepared to know what other discovery he may need without something akin to initial disclosures from Defendants on what they had intended to prove in relation to the existence of an arbitration agreement, and that if she had read his motion and the order that the point was to avoid surprise that would result in a continuation of the mini-trial in front of a jury. Malinoski insisted that they had "won" against a motion for discovery and that none was required. Plaintiff attempted to explain that the motion was for a 26(f) conference, and not for discovery, and that the subsequent order from the Court was for limited discovery, but it was on the deaf ears of Malinoski. At the end of the call, the parties agreed that Plaintiff would email his thoughts to Malinoski and another phone call would be scheduled.

After the phone call, an email from defense counsel Lexee Asterlin ("Asterlin") confirmed that Defendants' stance is that Thori did not admit that documents could be put into a system that weren't completed in that same system. **Exhibit 2** at ¶1.

Plaintiff sent the email that was an action item from the first meeting. See **Exhibit 1**, an email that Plaintiff retrieved from his email system and is a true and correct copy of an email sent to defense counsel. Defense counsel then refused to agree to providing anything akin to initial disclosures or participating in any limited discovery or attempting to reach an agreement for a joint statement. See **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, and **Exhibit 8**, all emails which Plaintiff retrieved from his email system and are a true and correct copy of emails between Plaintiff and Asterlin. Asterlin was apparently provided for Plaintiff to correspond with after Plaintiff's request for someone more diplomatic.

Malinoski and Asterlin still maintain that it is not this Court's wish for the parties to agree on limited discovery for the upcoming FAA hearing, but instead that they "won" against Plaintiff's motion to compel a 26(f) conference and so they weren't going to do any discovery and aren't sure why Plaintiff keeps talking about discovery.

//

**LIMITED DISCOVERY REQUESTED**

At this time, I do not believe that defense counsel has talked to Thori about whether she admits that documents can get into Paylocity without them being signed in Paylocity. It is still likely that a limited set of requests for admission can prevent some discovery from being needed.

I'm proposing a briefing schedule and order that allows for, 1) Disclosures akin to initial disclosures from both parties regarding evidence to be presented and a list of witnesses and what facts they will be testifying toward; 2) Ten requests for admission from both parties to help narrow down what is in dispute; 3) Depositions or interrogatories of listed witnesses; 4) Production of documents related to an arbitration agreement; 5) Joint subpoenas to Paylocity and Paycom; 6) Prehearing briefs; 7) Objection deadlines; 8) Hearing time that allows subpoenaed witnesses.

"Initial" disclosures due by 11/17/2025. Requests for Admission due by 12/1/2025. Responses to Requests for Admission due by 12/15/2025. Depositions and interrogatories to be completed by 2/16/2026. Joint subpoenas to be sent by 2/16/2026. Related documents to be produced by 2/16/2026.

Dated: October 26, 2025

Respectfully submitted,

[signature]

Mark D. Adams
*Pro Se*

**PROOF OF SERVICE**

I declare under penalty of perjury, that this document will be filed through the CM/ECF system by the clerk and will be sent electronically to the registered participants.

Dated: October 26, 2025

[signature]

Mark D. Adams

# EXHIBIT 1

# Re: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]

**From** Mark D. Adams <mark@adamslegalaid.com>
**To** Asterlin, Lexee <alexandra.asterlin@ogletree.com>
**Cc** Malinoski, Alyssa C. <alyssa.malinoski@ogletreedeakins.com>, Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>
**Reply-To** <mark@adamslegalaid.com>
**Date** 2025-10-21 10:09

Ms. Malinoski says that the supplemental declaration (ECF No. 28-1) retracts the statements that Thori made about Paylocity in ECF No. 11-2. The statement in 28-1 is "I inadvertently named Paylocity as the program utilized by Quick Quack at the time of Mark Adams' onboarding. However, the process and procedure outlined in my Initial Declaration are the same as those for Paycom".

She in fact now says that both systems work the same way. That what she said about Paylocity holds true and that what she said about Paylocity also holds true about Paycom. Thori says that the only way for the document to get into Paylocity was for me to sign it in Paylocity. She now admits that I didn't sign it in Paylocity, but still that the only way for it to get into Paylocity is for me to have signed it there.

Unless Thori and any other witnesses you will be using, wish to admit that documents can get into the systems without being signed in that system, I need to subpoena Paylocity. There are also other inconsistencies if you happened to have read my brief. I need to subpoena Paylocity as to what the actual pages presented to the employee said, because what I saw in Paylocity said that by clicking you were simply acknowledging receipt of the documents and not electronically signing them. I need the same from Paycom. It is my intent to minimally prove that what Thori declared is not true as to those two points.

Ms. Malinoski also says says that she plans on just getting an affidavit from a Paycom employee, but it is my understanding that the affidavit will be inadmissible unless I have an opportunity to also depose the witness. Also, she seems to say that she doesn't need discovery because they have a vendor relationship that will allow her to get that affidavit. I do not have the same.

I also refer you to Rule 26. You must not only disclose who will be testifying, but also the subject matter of the witness's expected testimony and a summary of the facts and opinions to which the witness is expected to testify. I did not receive that. Without that, and then discovery to rebut that, I will be unable to be prepared, and that is the foundation of the motion that I made and that the judge ordered us to resolve before the hearing. The magistrate judge realizes now that I was not requesting discovery when I requested a Rule 26(f) conference, and because of Ms. Malinoski's unwillingness to have one and by the judge not compelling it, we were at a stand still. The judge is now open to hearing what limited discovery we require to have the mini-trial where the burden will be on you to prove that a valid arbitration agreement exists.

Note that initial disclosures typically launch the discovery period. Until receiving those from you, I don't know what I will need to defend against, but I will need at least one round of discovery which I'm willing to limit to deposition of a few witnesses, requests for admission, and obviously some subpoenas to Paylocity and Paycom. The judge points out in his order that I proposed some methods of discovery but not specifics, because I have no initial disclosures and the burden of proof is on you. As said in my brief, this is necessary unless you just want to get to the hearing and you present your case, in front of a jury, and then I ask for a 30 day continuance while I subpoena and depose witnesses and conduct discovery to rebut what you just presented or that all of your testimony be stricken as unfair surprise.

---
Mark Adams, Paralegal
Legal Document Assistant
Unlawful Detainer Assistant
Adams Legal Aid

# EXHIBIT 2

# RE: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]

**From** Asterlin, Lexee <alexandra.asterlin@ogletree.com>
**To** mark@adamslegalaid.com <mark@adamslegalaid.com>
**Cc** Malinoski, Alyssa C. <alyssa.malinoski@ogletreedeakins.com>, Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>
**Date** 2025-10-22 09:36

Mr. Adams,

First, to clarify the record, Ms. Thori's supplemental declaration corrected an inadvertent reference to Paylocity and confirmed that Quick Quack utilized Paycom for your onboarding. Our position remains that the arbitration agreement is authentic and the onboarding process required completion of the agreement. We do not agree with your characterization that Ms. Thori has admitted documents could have been introduced into the system absent an employee's completion of onboarding tasks.

Regarding discovery, Defendants will only agree to the extent of discovery authorized by the Court following its review of the parties' joint statement. It is perplexing why you continue to reference initial disclosures and a Rule 26 conference, given that the Court has explicitly stated participation in either would be premature and are not required. Consistent with the Court's order, we have asked you to insert your complete proposed discovery plan—identifying any party and third party discovery you seek and your proposed timeline—directly into the joint statement that has been provided to you.

To meet the Court's November 3 deadline, provide your joint statement insert by October 28 so we can finalize and file the joint statement on time. After receiving your insert, we will incorporate our position and objections into the joint statement. We will meet and confer further if we believe those efforts will be productive.

We expect your joint statement insert by October 28, so the parties can comply with the Court's order. If we do not receive your portion of the joint statement by the 28th, Defendants will have no choice but to proceed with filing their own statement accordingly. Thank you.

Best,
Lexee

# EXHIBIT 3

# Re: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]

| | |
|---|---|
| **From** | Mark D. Adams <mark@adamslegalaid.com> |
| **To** | Asterlin, Lexee <alexandra.asterlin@ogletree.com> |
| **Cc** | Malinoski, Alyssa C. <alyssa.malinoski@ogletreedeakins.com>, Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com> |
| **Reply-To** | <mark@adamslegalaid.com> |
| **Date** | 2025-10-22 22:03 |

I didn't see the joint statement that you're referring to. When I spoke with Ms. Malinoski we agreed that I would email her about my requirements for discovery and she would consider them. I didn't read the court order to understand that we're meant not to make any progress on how the limited discovery should proceed. But if that's what you want to happen I'm happy to submit the joint statement instead. I need to mail it soon. I can se

---
Mark Adams, Paralegal
Legal Document Assistant
Unlawful Detainer Assistant
Adams Legal Aid

# EXHIBIT 4

## RE: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]

**From** Malinoski, Alyssa C. <alyssa.malinoski@ogletree.com>
**To** mark@adamslegalaid.com <mark@adamslegalaid.com>
**Cc** Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>, Asterlin, Lexee <alexandra.asterlin@ogletreedeakins.com>
**Date** 2025-10-23 08:12

Adams - Joint Statement Regarding Motion to Compel Arbitration.docx (~73 KB)

Mr. Adams,

I attached the draft joint statement to my October 8 email to you, and Ms. Asterlin also attached it in her response to you on the same date. I have re-attached it again to this email. Please confirm receipt and that you are able to access/open the word document.

Once you have inserted your portion, our office will handle the filing of the statement.

Thank you,

# EXHIBIT 5

**Re: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]**

**From** Mark D. Adams <mark@adamslegalaid.com>
**To** Malinoski, Alyssa C. <alyssa.malinoski@ogletree.com>
**Cc** Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>, Asterlin, Lexee <alexandra.asterlin@ogletreedeakins.com>
**Reply-To** <mark@adamslegalaid.com>
**Date** 2025-10-23 19:00

I'm sure it was attached but it's not we agreed to so I didn't have a clue that's what I was expected to do.

I think we're better off filing separate briefs. I'm sure that I have sufficient explanation why we couldn't agree on anything to justify it.

I'm not prepared to send you my brief and then you use it to write objections to it and then file. I also don't believe that was what the order requested. A joint statement usually includes some cooperation.

---
Mark Adams, Paralegal
Legal Document Assistant
Unlawful Detainer Assistant
Adams Legal Aid

# EXHIBIT 6

## RE: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]

**From** Asterlin, Lexee <alexandra.asterlin@ogletree.com>
**To** mark@adamslegalaid.com <mark@adamslegalaid.com>, Malinoski, Alyssa C. <alyssa.malinoski@ogletreedeakins.com>
**Cc** Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>
**Date** 2025-10-24 08:43

Mr. Adams,

The submission of the joint statement does not require the parties to agree on all of the issues (although the goal is to meet and confer and agree wherever possible). When the parties are not in agreement, a joint statement serves as a mechanism for the parties' respective positions to be presented to the court in a concise format.

You requested the Court allow you to conduct certain discovery regarding the arbitration agreement. Despite our attempts to meet and confer with you regarding your requests, you have refused to articulate your specific position in regards to the issues delineated by the Court in its order. In order for us to prepare our portion of the joint statement, we need you to fill in your portion of the statement so we understand what you are requesting and we can either agree to your proposal or submit or our alternative position in the joint statement.

Please submit your respective position on the discovery by the close of business on the 28th to allow us to complete our portions and electronically file it with the Court. Should we not receive your position by that deadline, we will proceed with filing a separate statement. Thank you.

Best,
Lexee

# EXHIBIT 7

# Re: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]

**From** Mark D. Adams <mark@adamslegalaid.com>
**To** Asterlin, Lexee <alexandra.asterlin@ogletree.com>
**Cc** Malinoski, Alyssa C. <alyssa.malinoski@ogletreedeakins.com>, Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>
**Reply-To** <mark@adamslegalaid.com>
**Date** 2025-10-24 09:10

And that's why I sent an email, as Ms. Malinoski requested, with the discovery that I was requesting. She said that she would consider my email. I expected that we would then schedule another call. I don't think that an email a day is going to be very productive. I sent the email. You seem to just disagree with the very logical conclusion that I made based on a plain interpretation of Thori's English. I don't see how we proceed if we can't agree on what words mean. You keep arguing that you shouldn't send over something akin to initial disclosures related to what you will be presenting in the hearing to meet your burden of proof so that I can then conduct discovery related to that. I've told you what I plan on proving regardless. You refuse to propose an alternative. You keep focusing on the magistrate previously refusing to compel a 26(f) conference when his current order is certainly related to limited discovery proceeding. I will look at your document in preparation for a phone conversation. I'm available most days prior to 1:30p.

---
Mark Adams, Paralegal
Legal Document Assistant
Unlawful Detainer Assistant
Adams Legal Aid

# EXHIBIT 8

**RE: Adams v. S&D Carwash [ODNSS-OGL.101931.000036]**

**From** Asterlin, Lexee <alexandra.asterlin@ogletree.com>
**To** mark@adamslegalaid.com <mark@adamslegalaid.com>
**Cc** Malinoski, Alyssa C. <alyssa.malinoski@ogletreedeakins.com>, Martinez, Sarah I. <sarah.martinez@ogletreedeakins.com>
**Date** 2025-10-24 09:42

Mr. Adams,

We will not be providing initial disclosures. As you acknowledge, the Court denied your request to compel a Rule 26 conference and, therefore, initial disclosures would be premature.

We have established the existence of a valid arbitration agreement. The burden now falls on you to prove why it is unenforceable. You have expressed to the Court you need to conduct certain discovery in order to attempt to meet that burden. However, despite our repeated attempts to gather that information from you, you have yet to identify any specific discovery plan as pertains to the limited issue of the enforcement of the arbitration agreement.

At this point, unless and until you provide us with the list of discovery you are proposing, we do not believe a further telephonic conference will be fruitful. Thank you.

Best,
Lexee