ALEXANDRA M. ASTERLIN, SBN 221286
alexandra.asterlin@ogletree.com
ALYSSA C. MALINOSKI, SBN 322794
alyssa.malinoski@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA 95814
Telephone: 916-840-3150
Facsimile: 916-840-3159

Attorneys for Defendants
S&D CARWASH MANAGEMENT, LLC aka
QUICK QUACK CARWASH; JAC LEBBS; JOE
STEELE; KENNY WILLIAMS; MATT
NICHOLS; CLIFF MARIAN; and DINA
KATSEL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARK D. ADAMS,

Plaintiff,

vs.

S&D CARWASH MANAGEMENT, LLC aka QUICK QUACK CARWASH; JAC LEBBS; JOE STEELE; KENNY WILLIAMS; MATT NICHOLS; CLIFF MARIAN; DINA KATSEL; and DOES 1 through 10, inclusive;

Defendants.

Case No. 2:25-cv-01290-DC-AC

**DEFENDANTS' STATEMENT REGARDING DISCOVERY ON MOTION TO COMPEL ARBITRATION**

Action Filed: May 12, 2025
Trial Date: None Set

Pursuant to the Court's Order dated September 5, 2025 (ECF No. 38), Defendants S&D Car Wash Management, LLC dba Quick Quack Car Wash, Jac Lebbs, Joe Steele, Kenny Williams, Matt Nichols, Cliff Marian, and Dina Katsel ("Defendants") respectfully submit this update regarding the Parties' meet and confer efforts on Plaintiff's request for additional discovery in advance of the evidentiary hearing on the Defendants' motion to compel arbitration.

## I. Defendants' Position and Opposition to Plaintiff's Statement

Defendants submitted their witness and exhibit list in advance of the previously scheduled October 1 evidentiary hearing. (ECF No. 34-1.) Defendants maintain that they do not require any further discovery, including any party discovery or third-party discovery, in advance of the pending evidentiary hearing on Defendants' motion to compel arbitration. However, Defendants have proposed to engage in efforts to obtain additional evidence regarding the e-signature process and Plaintiff's e-signature, in the form of a declaration from Paycom, the third-party vendor that handled the onboarding of Plaintiff.

Plaintiff proposes broad "initial disclosures," requests for admission, depositions or interrogatories of unspecified witnesses, expansive document production, and "joint subpoenas" to Paycom and Paylocity, along with a multi-month schedule extending into February 2026. Plaintiff frames these requests as necessary to address purported inconsistencies regarding whether he signed in Paylocity or Paycom, and suggests Defendants have refused to clarify or disclose their evidentiary showing.

Defendants oppose Plaintiff's overbroad program as inconsistent with the Court's directive for limited discovery strictly confined to contract formation. The evidentiary hearing will address whether an agreement to arbitrate was formed; it is not an open-ended merits discovery phase. Defendants have identified their witnesses and exhibits, and have consistently maintained that Quick Quack utilized Paycom for Plaintiff's onboarding. Charlotte Thori's supplemental declaration corrected her inadvertent reference to Paylocity and confirmed Paycom was used, while explaining that the procedures described are materially the same. The sample Paylocity screenshots included previously were demonstrative of the signature interface and do not alter the central proof: the onboarding system required completion of the arbitration agreement, and the records reflect

completion.

To the extent the Court deems limited third-party discovery appropriate, Defendants do not object in principle to focused authentication evidence from Paycom, such as a records custodian declaration or narrowly tailored subpoena on system architecture and audit logs. By contrast, Plaintiff's proposal to pursue parallel subpoenas to both Paycom and Paylocity, coupled with open-ended party discovery and depositions untethered to specific disputes, is disproportionate and risks converting a targeted formation inquiry into protracted full discovery, contrary to the Court's order.

## II. Meet and Confer Efforts

On October 3, 2025, the parties conducted a telephonic meet-and-confer conference. Defense counsel stated that it was Defendants' position that additional discovery for the evidentiary hearing on arbitrability was not needed; however, if feasible, would attempt to obtain a targeted records-custodian declaration from Paycom addressing the e-signature workflow and audit trail. Defense counsel asked Plaintiff to identify any specific party or third-party discovery he sought so the parties could evaluate the scope and timing consistent with the Court's order. During the call, Plaintiff did not provide a list of requests, asserted he had not received Defendants' September 3, 2025 witness and exhibit list, and continued to request "initial disclosures" and multiple rounds of discovery. Defense counsel reiterated that discovery must be limited to arbitrability under the Court's August 8 and September 5 orders. Malinoski Decl. ¶ 2.

On October 8, 2025, defense counsel sent Plaintiff the Court's orders, Defendants' September 3 witness and exhibit list, and a draft joint statement for Plaintiff to insert his specific discovery requests and proposed timeline, as directed by the Court. Malinoski Decl. ¶ 3, Ex. A. Plaintiff declined to do so. *Id.*

From October 8 through October 24, defense counsel continued their attempt to meet and confer with Plaintiff. Malinoski Decl. ¶ 4, Exs. B-J. On October 22 and 24, defense counsel again asked Plaintiff to insert his discovery proposals directly into the joint statement so the parties could meet and confer on concrete requests and present their respective positions to the Court by November 3. *Id.* Plaintiff refused, contending a joint statement "usually includes some cooperation," while

declining to cooperate in producing the joint statement the Court ordered. *Id*.

Plaintiff's characterization that Defendants "refuse to admit" that documents can be stored in a system absent a signature in that same system misstates the record. Malinoski Decl. ¶ 4, Exs. B-J. Defendants' position has consistently been that Plaintiff's arbitration agreement was executed as part of the Paycom onboarding workflow and that the records reliably memorialize that completion. *Id*. Ms. Thori's supplemental declaration corrected the platform reference and confirmed the process, not an assertion that documents could "only" be present if signed within a particular platform. *Id*.

Defendants have been transparent about contemplating a declaration from Paycom to further confirm the e-signature process and audit trail. Plaintiff's insistence on expansive depositions and subpoenas from two vendors is unnecessary to resolve the narrow authentication issues and can be addressed by stipulation or a targeted records custodian declaration, with deposition rights preserved only if the declaration raises new, material disputes. Notably, despite Defendants' repeated requests, Plaintiff did not communicate what discovery he would be requesting until he filed his separate statement with the Court (ECF No. 39). *See* Malinoski Decl. ¶¶ 2-4, Exs. A-J.

## III. <u>Defendants' Discovery Proposal</u>

The Court has already determined there are genuine disputes of material fact warranting an evidentiary hearing confined to formation. The discovery contemplated by the Court's order is limited to whether the parties formed an arbitration agreement. In that posture, discovery must be proportional and tailored to the specific, material points in dispute. Here, those points are narrow: what platform was used (Paycom), what steps were required to complete onboarding (including execution of the arbitration agreement), and whether the records reliably reflect Plaintiff's completion of those steps. The parties do not require multiple rounds of party discovery, expansive requests for admission, sweeping document production, or multi-hour depositions to address those points.

Consistent with the Court's directive, Defendants propose the following narrowly tailored process and schedule focused on authenticating the arbitration agreement and the onboarding records: Third-Party Authentication from Paycom. Defendants will attempt to obtain and serve a Paycom records custodian declaration under the applicable evidentiary rules addressing: (a) the

standard onboarding workflow in January 2021 for Quick Quack; (b) the requirement to execute the arbitration agreement to complete onboarding; (c) the manner in which user credentials are assigned and used to access the system; (d) the generation and retention of audit logs reflecting document presentation, acknowledgment, and signature; and (e) a true and correct copy of the records reflecting Plaintiff's completion of the arbitration agreement and onboarding tasks.

DATED: October 31, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *<u>/s/ Alyssa C. Malinoski</u>*
Alexandra M. Asterlin
Alyssa C. Malinoski

Attorneys for Defendants
S&D CARWASH MANAGEMENT, LLC aka QUICK QUACK CARWASH; JAC LEBBS; JOE STEELE; KENNY WILLIAMS; MATT NICHOLS; CLIFF MARIAN; and DINA KATSEL

**PROOF OF SERVICE**
Case No. 2:25-cv-01290-DC-AC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of (choose one), in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 Capitol Mall, Suite 2800, Sacramento, CA 95814.

On October 31, 2025, I served the following document(s):

**DEFENDANTS' STATEMENT REGARDING DISCOVERY ON MOTION TO COMPEL ARBITRATION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following service list:

Mark D. Adams
3909 S Maryland Pkwy Ste 314
Las Vegas, NV 89119
mark@adamslegalaid.com

Plaintiff in Pro Per

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 31, 2025, at Sacramento, California.

*/s/ Sarah Martinez*

Sarah Martinez