UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>S&D CARWASH MANAGEMENT, LLC aka QUICK QUACK CARWASH et al.,<br><br>  Defendants. | No. 2:25-1290-DC-AC<br><br>ORDER |

Plaintiff is representing himself in propria persona in this case, which was accordingly referred to the undersigned. ECF No. 1. On July 10, 2025, defendants moved to compel arbitration pursuant to an arbitration agreement that plaintiff signed on Paylocity. ECF No. 11-1 at 9. On September 3, 2025, plaintiff moved for limited discovery on related matters, including ten requests for admissions or written interrogatories, disclosures of witnesses and evidence, and subpoenas. ECF No. 36 at 1, 3. On September 5, the undersigned agreed that some discovery was warranted, but found plaintiff's motion vague as to the discovery sought. ECF No. 38 at 3. The parties were therefore directed to file a joint statement specifying:

> (1) necessary party discovery on the issue of arbitrability including proposed requests for production, interrogatories, and depositions; (2) necessary third-party discovery on the issue of arbitrability including proposed subpoenas and depositions; (3) a proposed timeline for discovery and hearing on the issue of arbitrability; and

1

> (4) any other matters the parties believe are relevant to the efficient execution of the pending evidentiary hearing.

Id.  The parties have instead filed separate statements.  ECF Nos. 39-40.

Plaintiff's statement asserts that a witness for defendants, Charlotte Thori, alleged that plaintiff signed the arbitration agreement on Paycom before it was uploaded to Paylocity, but also that any document in Paylocity systems must have been signed there.  ECF No. 39 at 1-2.  Counsel for defendants asserted that Thori retracted the latter statement, but refused plaintiff's request to have Thori admit such retraction so plaintiff could avoid subpoenaing a Paylocity employee.  Id. at 2-3.  Plaintiff also asserts that defendants never shared their witness list, and that defendants cannot submit an affidavit from the custodian of records for Paycom ("Paycom custodian") without giving plaintiff a chance to cross-examine said declarant.  Id.

Plaintiff's current description of his proposed discovery requests is no more specific than in his September motion:

> 1) Disclosures akin to initial disclosures from both parties regarding evidence to be presented and a list of witnesses and what facts they will be testifying toward; 2) Ten requests for admission from both parties to help narrow down what is in dispute; 3) Depositions or interrogatories of listed witnesses; 4) Production of documents related to an arbitration agreement; 5) Joint subpoenas to Paylocity and Paycom; 6) Prehearing briefs; 7) Objection deadlines; 8) Hearing time that allows subpoenaed witnesses.

Id. at 4.  Plaintiff proposes a timeline for such discovery, but does not provide the "proposed requests for production, interrogatories, and depositions" for parties and "proposed subpoenas and depositions" for third-parties, as the undersigned ordered.  See ECF No. 38 at 3.

In contrast, defendants' statement proposes the production of a single declaration from the Paycom custodian, which will address:

> (a) the standard onboarding workflow in January 2021 for Quick Quack; (b) the requirement to execute the arbitration agreement to complete onboarding; (c) the manner in which user credentials are assigned and used to access the system; (d) the generation and retention of audit logs reflecting document presentation, acknowledgment, and signature; and (e) a true and correct copy of the records reflecting Plaintiff's completion of the arbitration agreement and onboarding tasks.

2

ECF No. 40 at 4-5. Defendants also attach a copy of email correspondence with plaintiff, which includes their witness and exhibit lists. ECF No. 40-2 at 4, 11-13. In a draft joint statement sent to plaintiff for approval, defendants assert they do not require any further discovery, aside from the Paycom custodian's declaration. Id. at 23.

Because plaintiff has failed to proffer the specific discovery requests he seeks to propound, as previously ordered, the court is unable to rule on what discovery will be permitted or to schedule the required evidentiary hearing. Accordingly, plaintiff will be required to submit — after having an opportunity to review the anticipated declaration from Paycom's custodian of records, which will be considered as a proffer of testimony — his proposed interrogatories, requests for admission, requests for production of documents, third-party subpoenas, and any other proposed discovery. Plaintiff is reminded that discovery will be limited to that which is relevant to the question whether or not he electronically signed the arbitration agreement at issue, i.e. whether a contract was formed. As no scheduling conference has been held or even set in this case, the parties shall engage in no discovery other than that which is specifically authorized by the undersigned in relation to the hearing on arbitrability. See Fed. R. Civ P., Rules 16(b), 26(f); Local Rule 240.

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendants shall file and serve a declaration from a Paycom custodian of records, addressing the issues outlined in defendants' statement (ECF No. 40 at 4-5), within twenty-one days.
2. No later than fourteen days thereafter, Plaintiff shall file a Request for Leave to Propound Specific Discovery. Copies of all proposed discovery requests must be attached. Briefing of the relevance of such discovery is limited to five pages.
3. No more than five days after the filing of plaintiff's Request, defendants may file objections to any specific discovery requests proposed by plaintiff.

////

////

////

4. The court will thereafter rule on plaintiff's Request for Leave to Propound Specific Discovery and will set a schedule for the arbitrability hearing

IT IS SO ORDERED.

DATED: November 4, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE