UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. ADAMS, | No.  2:25-cv-1290 DC AC |
| Plaintiff, | |
| v. | ORDER |
| S&D CARWASH MANAGEMENT, LLC aka QUICK QUACK CARWASH et al, | |
| Defendants. | |

Plaintiff is representing himself in this case, which was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21).  ECF No. 1.  On June 24, 2025, pursuant to plaintiff's request to participate in electronic filing, the undersigned ordered the Clerk of the Court to configure plaintiff's account so that plaintiff will receive immediate email notifications when documents are filed in the case.  ECF No. 5 at 1.

On February 2, 2026, plaintiff filed a motion to, *inter alia*, compel defendants to serve plaintiff with copies of all filings as required under Fed. R. Civ. P. 5.  ECF No. 45 at 3.  Plaintiff asserts that he "does not have a CM/ECF account, was denied access to CM/ECF despite requesting it, and has not consented in writing to electronic service."  Id. at 2.  He argues that he although he receives notices of Electronic Filing, he does not receive a "free look" through PACER and instead must incur fees to view defendants' filings, which prejudices him.  Id. at 2-3.

1

He cites defendants' 96-page statement regarding discovery on a pending motion to compel arbitration, docketed as ECF No. 40, to argue that electronic service while paying PACER fees constitutes a material burden. Id. at 4.

The court provides the following information regarding electronic service. Each Notice of Electronic Filing ("NEF"), which a party receives by email, includes a link to the document that is embedded within the ECF Document Number. For a 14-day period after the email is generated, the recipient may view the entire document once without charge by clicking the link in the NEF. Having opened the document, plaintiff may then print it or save it to his own device for future reference. The link works a single time and must be accessed within 14 days to provide the free look to which plaintiff is entitled. Should plaintiff fail to print or save the document promptly after being notified of its filing, future access via PACER will indeed incur a fee per page. If plaintiff experiences problems utilizing the links in the NEFs, he may contact the Clerk's Office for assistance.

When the court granted plaintiff's request to be electronically served, it warned him that the right to receive service by mail was thereby waived. ECF No. 5 at 2. If plaintiff wishes to withdraw from electronic service altogether, he may file a request to do so within 14 days. In that case, he will receive conventional service of all documents—court orders and documents filed by defendants—as provided in Local Rule 135(b) and Fed.R.Civ.P. 5(b)(2)(C). If plaintiff wishes to continue receiving NEFs he need take no action, but he will not receive service by mail of any documents filed in the future.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion at ECF No. 45 is GRANTED IN PART AND DENIED IN PART as follows:

2. Plaintiff's request for clarification is granted to the extent that this order explains the process for accessing electronically-filed documents;

3. The Clerk is directed to provide plaintiff, as a one-time courtesy, with hard copies of (a) this order, (b) the order at ECF No. 41, and (c) the order at ECF No. 46, mailed to his address of record;

4. Defendants are ordered to provide plaintiff with hard copies of the documents filed at ECF Nos. 40 and 42, including exhibits, mailed to his address of record as a one-time courtesy;

5. Plaintiff's objection to defendants' request for an extension of time is denied as moot, having already been considered at ECF No. 46; and

6. If plaintiff wishes to opt out of future electronic service and receive all documents by mail only, he shall file a notice so stating within 14 days.  Should plaintiff fail to do so he will continue to receive electronic service only, and will remain responsible for accessing and downloading and/or printing documents himself.

**SO ORDERED**.

DATED: February 11, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3